IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Case No. 22-cr-258-BAH |
| DANIEL JAHLEEL THOMAS | * |
| | * |
| Defendant. | * |

## MOTION TO WITHDRAW GUILTY PLEA

The Defendant, Daniel Jahleel Thomas, by and through counsel, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., hereby moves to withdraw his plea of guilty entered in this case on April 13, 2023. In support of this Motion, counsel state as follows.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2022, Mr. Thomas was charged by way of Criminal Complaint with the following offenses: possession with intent to distribute marijuana and oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D) (Count One); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). (Crim. Compl., ECF No. 1.) The charges at issue relate to the February 25, 2022 warrantless arrest and search of Mr. Thomas executed by members of the Metropolitan Police Department. (Aff. in Support of Crim. Compl., ECF No. 1-1.)

1

At approximately 4 p.m. on February 25, 2022, Mr. Thomas was standing /alone on the sidewalk of the 4200 block of Benning Road N.E. waiting for a rideshare driver. Mr. Thomas lives in the area. His home is a 5-minute walk from where he was standing. At that same time, three members of the MPD's Crime Suppression Team 5 drove down Benning Road. As the officers drove past Mr. Thomas, he entered a black Chevrolet Suburban belonging to the rideshare driver and sat in the back seat. While standing on the street, Mr. Thomas did not engage in any hand-to-hand transactions; nor did he display a firearm. There was no active warrant for Mr. Thomas' arrest. Nevertheless, the three officers then got out of their police cruiser, ran towards the car in which Mr. Thomas was seated, opened the rear passenger door, and arrested Mr. Thomas, dragging him out of the vehicle. Officers then searched Mr. Thomas' person and recovered a firearm. After arresting Mr. Thomas, officers searched a black bag located inside of the Suburban. In that bag, officers recovered narcotics. These events are captured in large part on body worn camera footage.

After the arrest, Mr. Thomas was charged with firearms offenses in the Superior Court for the District of Columbia. In the Gerstein affidavit submitted in connection with the Superior Court proceedings, Officer Jessica Shoemaker offered several post-hoc rationalizations for the illegal warrantless arrest and search of Mr. Thomas. *See* Ex. A, Gerstein Affidavit. Officer Shoemaker wrote that "Defendant

Thomas currently had a look out for questioning on WALES/NCIC for a homicide," yet the text of the lookout states "DO NOT ARREST FOR THIS STOP." *See* Ex. B, WALES/NCIC Report.

Officer Shoemaker also wrote that on that earlier that day, Mr. Thomas had advertised that he was selling marijuana, yet there is no indication as to how or when those three officers obtained such information or where such advertisements were posted. Officer Shoemaker further noted that Mr. Thomas was on pretrial release for a separate firearms charge and had therefore been ordered to stay away from 4371 Benning Road, N.E., yet there is no indication that Mr. Thomas was at that address on February 25, 2023. Lastly, Officer Shoemaker claimed in Gerstein Affidavit that officers had seen Mr. Thomas in possession of "multiple firearms on multiple occasions" since his arrest in connection with the earlier Superior Court case, yet there is no information as to who made these observations or at what time. And the allegation begs the question: if officers had truly seen someone on pretrial release in connection with a firearms offense in possession of a firearm multiple times since his arrest more than one year prior, would they not have arrested him? None of these rationalizations rescues the officers' illegal warrantless arrest and search of Mr. Thomas on February 25, 2023.

On July 26, 2022, Mr. Thomas was charged by way of Indictment with the following offenses: unlawful possession of a machinegun, in violation of 18 U.S.C.

3

§ 922(o)(1) (Count One); distribution and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count Two); distribution and possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three); and using, carrying, and possessing a machinegun during and in relation to and in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(B)(ii) (Count Four). (Indictment, ECF No. 19.)

On October 18, 2022, Mr. Thomas was charged along with two co-defendants in a Superseding Indictment. (Superseding Indictment, ECF No. 24.) Mr. Thomas was charged with the following offenses: conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone and marijuana, in violation of 21 U.S.C. § 846 (Count One); unlawful possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count Ten); possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Eleven); unlawful possession of a machinegun, in violation of 18 U.S.C. § 922(o)(1) (Count Twelve); and using, carrying, and possessing a machinegun during, in relation to, and in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(B)(ii) (Count Thirteen). *Id*.

In advance of a Rule 11 hearing, the Government filed a Superseding Information charging Mr. Thomas with the following offenses: conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana and a detectable amount of oxycodone, in violation of 21 U.S.C. § 846 (Count One); unlawful possession of a machinegun, in violation of 18 U.S.C. § 922(o)(1) (Count Two); and using, carrying, and possessing a firearm during, in relation to, and in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). (Superseding Information, ECF No. 39. Count One of the Information carries a mandatory minimum term of imprisonment of 5 years. On Count Three of the Information, Mr. Thomas faces a term of imprisonment of not less than 5 years and up to life without the possibility of parole, to run consecutive to the term of imprisonment on any other count of conviction.

On April 13, 2023, Mr. Thomas appeared before the Court and pled guilty to the three counts charged in the Superseding Information. (Plea Agreement; ECF No. 43; Waiver of Indictment, ECF No. 45.) While the plea was not entered under Federal Rule of Criminal Procedure 11(c)(1)(C), the Government agreed to cap its sentencing recommendation at 120 months of imprisonment, the mandatory minimum penalty. (ECF No. 43 at 5.)

On April 16, 2023, prior counsel for Mr. Thomas filed a motion to withdraw as counsel. (ECF No. 48.) Prior counsel represented that Mr. Thomas indicated to

him that he wished to withdraw his plea of guilty. *Id.* ¶ 2. The undersigned counsel was contacted by the Office of the Federal Public Defender with regard to representing Mr. Thomas in this matter. On July 12, 2023, Mr. Thomas filed a Notice of Intent to Withdraw Plea of Guilty. (ECF No. 61.) On July 20, 2023, the Court set a briefing schedule on Mr. Thomas' motion to withdraw the guilty plea.

At this time, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), Mr. Thomas respectfully moves to withdraw his guilty plea

## LEGAL STANDARD

Federal Rule of Criminal Procedure 11(d)(2)(B) states that a defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." The D.C. Circuit has held that presentence withdrawal motions should be "liberally granted." *United States v. Thomas*, 541 F. Supp. 2d 18, 23 (D.D.C. 2008). "The decision to grant a withdrawal is within the trial court's discretion." *United States v. Tolson*, 372 F. Supp. 2d 1, 8 (D.D.C. 2005), *aff'd,* 264 Fed. Appx. 2 (D.C. Cir. 2008).

When ruling on a motion to withdraw a guilty plea, courts in this Circuit are instructed to consider the following factors: "(1) whether the defendant asserted a viable claim of innocence; (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to

prosecute the case; and (3) whether the guilty plea was somehow tainted." *United States v. Taylor*, 139 F.3d 924, 929 (D.C. Cir. 1998) (internal quotation marks and citation omitted). The third factor is viewed as the "most important." *Id.*; *see also United States v. Raymond*, No. CR 21-00380 (CKK), 2022 WL 14809915, at *2 (D.D.C. Oct. 26, 2022). "If a plea is tainted because it was 'entered unconstitutionally, or contrary to Rule 11 procedures,' then the standard for allowing withdrawal of a plea is 'very lenient.'" *Raymond*, 2022 WL 14809915, at *2 (citing *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975)).

## ARGUMENT

### I. Mr. Thomas' Guilty Plea Was Tainted by Ineffective Assistance of Counsel

Mr. Thomas should be permitted to withdraw his guilty plea because he received ineffective assistance of counsel in deciding whether to plead guilty. "One way in which a plea may be 'tainted' is if a defendant received ineffective assistance of counsel when deciding to plead guilty." *Raymond*, 2022 WL 14809915 at *7 (citing *Taylor*, 139 F.3d at 929-934). When evaluating a claim of ineffective assistance of counsel in the context of a withdrawal motion, this Court applies the approach set forth in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), "whereby the claimant must demonstrate that (1) defense counsel's performance failed to conform to an objective standard of reasonableness and (2) the unreasonable performance prejudiced defendant's position." *Raymond*, 2022 WL 14809915 at *7.

Here, in order to satisfy the second *Strickland* prong, Mr. Thomas must demonstrate only a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Tolson*, 372 F. Supp. 2d at 11.

As to the first *Strickland* prong, in this case, prior counsel's performance fell below an objective standard of reasonableness for several reasons. First, trial counsel failed to file any pretrial motions on Mr. Thomas' behalf, including a motion to suppress the fruits of the warrantless arrest and search. The record reflects that the Court set a deadline of March 3, 2023 for the filing of pretrial motions. As of that deadline, there was no change of plea hearing scheduled in Mr. Thomas' case. As noted above, the suppression issue in this case is indeed potentially meritorious. "The Fourth Amendment prohibits 'unreasonable searches and seizures' by law enforcement officials." *United States v. Bailey*, 622 F.3d 1, 5 (D.C. Cir. 2010). A law enforcement officer may execute an arrest only where there is probable cause to believe that a suspect has committed or was committing an offense. *United States v. Stubblefield*, 931 F. Supp. 2d 118, 129 (D.D.C. 2013) (citing *United States v. Gilliam*, 167 F.3d 628, 633 (D.C.Cir.1999)).

Moreover, "[i]n most instances, searches must be supported by a warrant obtainable upon a showing of probable cause." *United States v. Jackson*, 415 F.3d 88, 91 (D.C. Cir. 2005). "It remains a cardinal principle that searches conducted

outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo,* 500 U.S. 565, 580 (1991) (internal quotation marks omitted).

Here, Mr. Thomas was not dragged out of a stopped vehicle and arrested in connection with a judicially-authorized warrant, nor did Mr. Thomas consent to being detained and searched. And, even accepting the officers' statements in the Gerstein Affidavit as true, the three officers *did not* observe Mr. Thomas engage in any criminal conduct on the date of the arrest. Accepting the post-hoc rationalizations of the officers as true, *at the time of the arrest*, the three officers knew: (1) that detectives wished to question Mr. Thomas as a witness in relation to a homicide, but specifically noted that he should not be arrested in connection with the lookout; (2) that Mr. Thomas at some point advertised the sale of marijuana – but not that he had completed a transaction or that he even possessed marijuana on the date in question; and (3) that Mr. Thomas had been ordered to stay away from an address where officers did not observe him on February 25, 2022. No facts within the officers' knowledge at the time of the arrest were constitutionally sufficient to establish probable cause for arresting Mr. Thomas.

Various courts have found deficient performance in cases where trial counsel failed to file timely and potentially meritorious pretrial motions. *E.g.*, *United States*

*v. Weathers*, 493 F.3d 229 (D.C. Cir. 2007) (finding ineffective assistance of counsel where trial counsel failed to challenge multiplicitous counts in an indictment); *Hendrix v. Palmer*, 893 F.3d 906 (6th Cir. 2018) (finding ineffective assistance of counsel where trial counsel failed to move to suppress a statement obtained in violation of the Fifth Amendment); *Grueninger v. Director, Virginia Department of Corrections*, 813 F.3d 517 (4th Cir. 2016) (same); *United States v. Bankston*, 820 F.3d 215 (6th Cir. 2016) (finding ineffective assistance of counsel where trial counsel failed to move to dismiss a false statement charge predicated upon statements to which the statute did not apply).

Additionally, trial counsel failed to pursue on Mr. Thomas' behalf an offer that would have allowed Mr. Thomas to enter into a conditional guilty plea in the event that this Court denied his motion to suppress. *See, e.g.*, *United States v. Turner*, 119 F.3d 18 (D.C. Cir. 1997) (appeal following conditional guilty plea after denial of motion to suppress). Again, courts have found deficient performance where trial counsel failed to pursue a conditional plea in light of potentially meritorious appellate issues. *E.g.*, *State v. Hunter*, 143 P.3d 168 (N.M. 2006).

As to the second *Strickland* prong, Mr. Thomas was prejudiced by the unreasonable performance of prior counsel. This case presents a suppression issue of substantial merit. Officers unreasonably and without legal justification arrested Mr. Thomas as he sat in a vehicle. Had prior counsel filed motion to suppress the

fruits of the illegal warrantless arrest and search, Mr. Thomas would not have pled guilty on April 13, 2023. Because Mr. Thomas did not receive the effective assistance of counsel guaranteed by the Sixth Amendment, this Court should permit him withdraw his guilty plea.

## II. Mr. Thomas Has Asserted a Legally Cognizable Defense to the Charges Against Him

As the D.C. Circuit has held, "[a] defendant seeking to withdraw his plea of guilty generally must make out a legally cognizable defense to the charge against him." *United States v. McCoy*, 215 F.3d 102, 106 (D.C. Cir. 2000) (internal citation omitted). If the Court were to rule that the warrantless arrest and search of Mr. Thomas violated the Fourth Amendment, then the appropriate remedy would be the suppression of the fruits of the arrest and search and any evidence derived therefrom. *See Wong Sun v. United States*, 371 U.S. 471, 484 (1963) ("evidence seized during an unlawful search could not constitute proof against the victim of the search"); *see also United States v. Weaver*, 808 F.3d 26, 33 (D.C. Cir. 2015) (explaining the exclusionary rule). If the Court were to suppress the fruits of the illegal search and seizure, that ruling would be dispositive as to the charges in the Indictment; there is simply no way the Government could prove its case without the illegally obtained evidence. Mr. Thomas, therefore, has asserted a valid legal defense to the charges at issue in this case.

### III. The Timing of Mr. Thomas' Motion Has Resulted in No Prejudice to the Government's Ability to Try the Case

Finally, there has been no inordinate delay between the guilty plea and the filing of the motion to withdraw that would prejudice to Government's ability to try the case. Prior counsel filed a motion to withdraw from the case just three days after the plea hearing. (ECF No. 48.) In that motion, prior counsel represented to the Court that Mr. Thomas called him two days after the plea hearing and indicated that he wished to file a motion to withdraw his plea and that he wished for prior counsel to move to withdraw from the case. *Id.* at 2. The undersigned counsel promptly accepted an appointment to represent Mr. Thomas under the Criminal Justice Act. (Entry of Appearance, ECF No. 49.) All delay since that time has been due to the trial schedule of the undersigned counsel and the need to review voluminous discovery materials with Mr. Thomas, who is housed in Warsaw, Virginia, several hours by car from the undersigned counsel's office in Greenbelt, Maryland. This is not case where the Government relies upon civilian witnesses who may be difficult to locate. Most of the Government's witnesses are members of law enforcement, who are readily available. Accordingly, should the Court grant Mr. Thomas' withdrawal motion, there will be no prejudice to the Government

### CONCLUSION

This Court has scheduled a status hearing on Mr. Thomas' motion to withdraw for September 22, 2023. The undersigned counsel respectfully proposes that the

Court resolve this Motion at a forthcoming hearing at which it first receives evidence and hears argument on the suppression issue. While unorthodox, such a procedure provides protection for Mr. Thomas. Under the terms of the Plea Agreement, Mr. Thomas faces a mandatory minimum term of incarceration of 10 years. (ECF No. 43 at 1-2.) On Count Thirteen of the operative Indictment, Mr. Thomas faces a mandatory minimum term of imprisonment of 30 years, which must run consecutive to any other term of imprisonment of any other count of conviction. ECF No. 24 at 6; 18 U.S.C. § 924(c)(1)(B)(ii). Mr. Thomas recently turned 22 years old. He scores zero criminal history points. (ECF No. 43 at 4.) Proceeding in this fashion is in the interests of justice. This Motion is not submitted for the purposes of delay. In the considered judgment of the undersigned counsel, there is substantial merit to the suppression issue in this case.

    Nevertheless, the proposed procedure allow would allow Mr. Thomas to consider withdrawing this motion if the Court were to rule that the suppression issue lacked merit

    Wherefore, for the foregoing reasons, Mr. Thomas respectfully requests that this Honorable Court grant this motion and permit him to withdraw his guilty plea.

Respectfully submitted,

/s/
_____
Michael E. Lawlor
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301.474.0044
mlawlor@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2023, a copy of the foregoing was sent to the United States Attorney's Office for the District of Columbia, via ECF.

/s/
_____
Michael E. Lawlor